**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Thomas J. Redmond, et al., | No. CIV 05-2727-PCT-SMM |
| Plaintiffs, | **ORDER** |
| v. |  |
| Frank D. Shilosky, et al., |  |
| Defendants. |  |

The following motions are pending before the Court:

Defendants Frank Daniel Shilosky ("Shilosky") and Lake Havasu City's (collectively, "Defendants") Motion for Summary Judgment Re: Liability (Dkt. 40); Plaintiffs Thomas Joseph and Linda Jean Redmond's ("Plaintiffs") Motion to Strike Defendants' Statement of Facts (Dkt. 47); Defendants' Motion to Strike Plaintiffs' Expert David Smith (Dkt. 56); and, Defendants' Motion to Strike Plaintiffs' State of Facts in Support of their Response to Defendants' Motion for Summary Judgment Numbers 30 and 34 (Dkt. 61).

The Court's discussion of Plaintiffs' Motion to Strike Defendants' Statement of Facts will dispose of all of the motions pending above, except Defendants' Motion to Strike Plaintiffs' Expert David Smith, which will be addressed separately.

**PROCEDURAL HISTORY**

Originally filed in the Superior Court of Arizona in and for the County of Mohave, this action was removed to this Court on September 7, 2005. Defendants filed a Motion for

Summary Judgment Re: Liability on January 31, 2007.[1] (Dkt. 40)  In turn, Plaintiffs moved to strike Defendants' Statement of Facts in support of their motion for summary judgment (Dkt. 47) and filed a Response to Defendants' Motion for Summary Judgment with a corresponding Separate Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment.[2] (Dkt. 50)  Defendants subsequently filed a Reply in Support of their Motion for Summary Judgment Re: Liability (Dkt. 58), a Supplemental Statement of Facts in Support of Motions for Summary Judgment (Dkt. 60), and a Motion to Strike Plaintiffs' Expert David Smith (Dkt. 56).  Defendants would later file a Motion to Strike Plaintiffs' State of Facts in Support of Their Response to Defendants' Motion for Summary Judgment Numbers 30 and 34. (Dkt. 61)  On May 16, 2007, Plaintiff filed a Motion for Leave to File Supplemental Response to Defendants' Motion for Summary Judgment. (Dkt. 70)  Finally, in response to Plaintiffs' latest filing, Defendants filed a Surreply in Support of Defendants' Motion for Summary Judgment Re: Liability.

**DISCUSSION**

**A.   Motion to Strike Defendants' Statement of Facts**

Plaintiffs filed a Motion to Strike Defendants' Statement of Facts in Support of their Motion for Summary Judgment.  Plaintiffs contest the following statements of fact found in Defendants' Statement of Facts in Support of Motions for Summary Judgment ("DSOF"): ## 1-9, 12-16, 23-26, 30-33, 35, 38-40.

A trial court can only consider admissible evidence in ruling on a motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).  Affidavits supporting a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and

---

[1] Defendants' Motion for Summary Judgment Re: Liability was accompanied by a Motion to Exceed Page Limitations (Dkt. 39), which the Court will deny.

[2] Plaintiffs' Response was accompanied by a Motion to for Leave to File Excess Pages in Response to Defendants' Motion for Summary Judgment (Dkt. 49), which the Court granted by Order dated March 29, 2007. (Dkt. 52)

- 2 -

shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e).  When relying on deposition testimony parties must designate specific facts and their location in the record. Orr, 285 F.3d at 777.  Evidence supporting a motion for summary judgment that is not admissible in evidence must be stricken upon objection. Beyenne v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1182 (9th Cir. 1988).

Plaintiffs move to strike DSOF ## 1, 2, 4, 6, 24, 31 and 35 pursuant to Rule 56.1(a) of the Local Rules of Practice of the United States District Court for the District of Arizona ("LRCiv"), which requires each statement of fact to refer to a specific admissible portion of the record where the fact finds support.  LRCiv 56.1(a) provides:

> Any party filing a motion for summary judgment shall file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion.  Each material fact shall be set forth in a separately numbered paragraph and shall <u>refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery, response, etc.).  A failure to submit a separate statement of facts in this form may constitute grounds for denial of the motion.</u> (Emphasis added).

Notwithstanding this legitimate objection, there are strong indications that many of Plaintiffs' other objections are vexatious.  For example, some of the statements of fact which Plaintiffs seek to strike are supported by allegations contained in their own Complaint, such as DSOF # 24: "Fire Marshal Shilosky was called to testify as to the cause of the fire."  This statement refers to Shilosky's testifying before the grand jury on November 14, 2002,[3] a fact alleged in paragraphs 9-12 of Plaintiffs' Complaint. (Dkt. 1)  Other portions of statements of fact that Plaintiffs challenge, such as their objection DSOF # 31 on grounds that there is no evidence that Fire Marshal Shilosky gave a deposition in civil proceedings "without objection," are immaterial to the issues at hand.  Finally, many of the initial objections raised in Plaintiffs' motion to strike, save for their

---

[3]A Transcript of Grand Jury Proceedings is attached as Exhibit B to DSOF. (Dkt. 41)

- 3 -

objection to DSOF #39, lack detailed legal analyses or explanations as well as fail to cite the applicable Federal Rules of Evidence on which they are based.

In response to Plaintiffs' various objections, Defendants correctly observe that Plaintiffs' Separate Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment ("PSOF") fails to comply with LRCiv 56.1(b). Pursuant to LRCiv 56.1(b):

> Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, <u>a correspondingly numbered paragraph</u> indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting that party's position if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support. <u>Each numbered paragraph of the statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's statement of facts.</u> (Emphasis added).

Specifically, PSOF does not provide correspondingly numbered paragraphs indicating their position on each of Defendants' Statement of Facts. This rule, which is required under the Local Rules, is particularly important in cases such as the present one, where the parties have voiced numerous objections to certain statements of fact and obfuscated the record with an array supplemental filings. As such, the Court is left with the unenviable task of thrashing through these entangled pleadings to search for the material facts that are not in dispute. The Court declines. The burden of producing a clear record is on the parties: "the district judge is not required to comb the record to find some reason to deny a motion for summary judgment." <u>Forsberg v. Pacific Northwest Bell Tel. Co.</u>, 840 F.2d 1409, 1418 (9th Cir. 1988). Thus, the Court will strike: Defendants' Motion for Summary Judgment Re: Liability (Dkt. 40), Defendants' Motion to Exceed Page Limitations (Dkt. 39), Defendants' Statement of Facts in Support of Motions for Summary Judgment (Dkt. 41), Plaintiffs' Motion to Strike Defendants' Statement of Facts in Support of Their Motion for Summary Judgment (Dkt. 47),

Plaintiffs' Separate Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment (Dkt. 48), Reply in Support of Defendants' Motion for Summary Judgment Re: Liability (Dkt. 58), Defendants' Controverting Statement of Facts to Plaintiffs' Separate Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment (Dkt. 59), Defendants' Supplemental Statement of Facts in Support of Motions for Summary Judgment (Dkt. 60), Defendants' Motion to Strike Plaintiffs' Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment Numbers 30 and 34 (Dkt. 61), Plaintiffs' Supplemental Statement of Facts (Dkt. 69), Plaintiffs' Supplemental Response to Defendants' Motion for Summary Judgment (Dkt. 78), the Surreply in Support of Defendants' Motion for Summary Judgment Re: Liability (Dkt. 79) and Defendants' Controverting Statement of Facts to Plaintiffs' Supplemental Statement of Facts (Dkt. 80).

Sorting through this patchwork of filings to properly analyze the pending motion for summary judgment would amount to a waste of judicial resources. The Court will therefore grant the parties another opportunity to file their pleadings in accordance with the terms of this Order, the Federal Rules of Civil Procedure and the Local Rules. This approach will enable a more efficient consideration of the legal issues driving this litigation.

**B.     Defendants' Motion to Strike Plaintiffs' Expert David Smith**

Defendants filed a Motion to Strike Plaintiffs' Expert David Smith ("Smith") pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure. (Dkt. 56)

The Federal Rules of Civil Procedure require each party must disclose the identity of its expert witnesses and provide an expert report for each expert witness. Fed. R. Civ. P. 26(a)(2). Pursuant to Rule 26(a)(2)(B),

> .... The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the

>compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P.

Defendants argue that the preliminary report prepared by Smith is incomplete. According to Defendants, the report fails to set forth the basis and reasons for any specific opinion rendered by Smith. Thus, in light of Smith's allegedly incomplete report, Defendants request that Smith be stricken as an expert in this case pursuant to Fed. R. Civ. P. 37(c)(1).

Smith's report contains the following three opinions:

(1) [P]rofessional fire investigators are trained to document and to follow up upon potential exculpatory evidence or statements. The failure to document or to follow up on that information falls below the Standard of Care required of professional investigators and the training given to professional investigators;

(2) If a fire investigator, as a member of the International Association of Arson Investigators, were to receive potential exculpatory information and failed to follow up on that information, pass that information on to the proper parties, or ignore that information, that investigator would be in violation of the Code of Ethics for the International Association of Arson Investigators, particularly section X(10) "I will bear in mind always that I am a truth-seeker not a case maker; that it is more important to protect the innocent than to convict the guilty.

(3) A cigarette as an ignition source in this opined fire scenario is less than a probability.

(Dkt. 56, Ex. A)

Plaintiffs argue that the report complies with Fed. R. Civ. P. 26(a)(2)(B), describing it as a "very succinct and focused expert opinion addressing squarely the three issues alleged in the Complaint" as to Shilosky. (Dkt. 57 at 2) In the alternative, *assuming arguendo* that the report does not fully satisfy Fed. R. Civ. P. 26(a)(2)(B), Plaintiffs argue that the sanction Defendants seek is inappropriate.

The Court finds that Smith's report fails to meet the disclosure requirements of Rule 26(a)(2)(B). Smith's report does not sufficiently indicate the testimony he is expected to present during direct examination and it completely omits any explanation for how he arrived at his conclusions. The first and second opinions, which fail to discuss any specific information relating to the present case, are problematic due to their

1  vagueness. However, it is the third opinion that the Court finds to be the most egregious
2  violation of Rule 26. Smith's third opinion merely states that a cigarette as an ignition
3  source for the fire "is less than a probability"; yet, he fails to provide any reasons
4  supporting or explaining this opinion. In actuality, these "opinions" are nothing more
5  than unsupported conclusions. As such, the report is deficient as a matter of law.
6        Rule 37(c) of the Federal Rules of Civil Procedure states:

7-11 (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information that is not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

12  Fed. R. Civ. P. 37(c)(1).
13        Rather than offering a substantial justification for the failure to comply with Rule
14  26, Plaintiffs contend that there has been no prejudice to Defendants. Plaintiffs argue that
15  the Defendants "unaccounted for delay" in bringing their motion to strike should result in
16  its being denied. The Court disagrees. Smith's opinions were relied upon by Plaintiffs in
17  their Response to Defendants' Motion for Summary Judgment Re: Liability (Dkt. 50 at
18  5), which was filed on March 21, 2007. After stipulating to an extension of time for
19  Defendants to file a reply to Plaintiffs' response, Defendants promptly moved to strike
20  Smith's report on April 24, 2007. Thus, the Court does not find Defendants unreasonably
21  delayed in filing the motion to strike. Moreover, in light of Plaintiffs' reliance on the
22  report in their Response to Defendants' Motion for Summary Judgment Re: Liability, the
23  Court finds that Defendants were prejudiced because they were unable to effectively
24  analyze Smith's opinions. Therefore, the Court will exercise its discretion under Rule
25  37(c) to preclude Plaintiffs from using the opinions of Smith to support or object to any
26  dispositive motions. In addition, if Plaintiffs plan to present the expert testimony of
27  Smith at trial, then the Court will require Plaintiffs to provide Defendants with a complete
28  expert report as to any opinion testimony to be offered by Smith by October 12, 2007. A

1  failure to furnish such a report to Defendants within the deadline prescribed by the Court
2  shall result in Smith being precluded from testifying at trial.  Furthermore, the Court will
3  require Plaintiffs' counsel, without contribution or reimbursement by Plaintiffs, to
4  reimburse Defendants for all reasonable and actual costs associated with preparing the
5  motion to strike and its reply.  Moreover, should Plaintiffs choose to present Smith as a
6  witness at trial, Plaintiffs' counsel shall be required to reimburse Defendants for all
7  expenses associated with taking Smith's deposition.

## CONCLUSION

9  Accordingly, in light of the reasons set forth above,

10 **IT IS HEREBY ORDERED STRIKING** the following documents from the record:

- Defendants' Motion for Summary Judgment Re: Liability (Dkt. 40),
- Defendants' Motion to Exceed Page Limitations (Dkt. 39),
- Defendants' Statement of Facts in Support of Motions for Summary Judgment (Dkt.41),
- Plaintiffs' Motion to Strike Defendants' Statement of Facts in Support of Their Motion for Summary Judgment (Dkt. 47),
- Plaintiffs' Separate Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment (Dkt. 48),
- Reply in Support of Defendants' Motion for Summary Judgment Re: Liability (Dkt.58),
- Defendants' Controverting Statement of Facts to Plaintiffs' Separate Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment (Dkt. 59),
- Defendants' Supplemental Statement of Facts in Support of Motions for Summary Judgment (Dkt. 60),
- Defendants' Motion to Strike Plaintiffs' Statement of Facts in Support of their Response to Defendants' Motion for Summary Judgment Numbers 30 and 34 (Dkt.61),

1 • Plaintiffs' Supplemental Statement of Facts (Dkt. 69),

2 • Plaintiffs' Supplemental Response to Defendants' Motion for Summary Judgment
3 (Dkt. 78),

4 • Surreply in Support of Defendants' Motion for Summary Judgment Re: Liability
5 (Dkt.79); and,

6 • Defendants' Controverting Statement of Facts to Plaintiffs' Supplemental Statement
7 of Facts (Dkt. 80).

**IT IS FURTHER ORDERED** that parties shall have until October 12, 2007, to file any dispositive motions in this matter.

**IT IS FURTHER ORDERED GRANTING** Defendants' Motion to Strike Plaintiffs' Expert David Smith. (Dkt. 56) If they so desire, Plaintiffs shall have through September 28, 2007, to re-submit Smith's expert report in conformity with the Rules.

**IT IS FURTHER ORDERED** precluding Plaintiffs from using the opinions of Smith to support or respond to any dispositive motions until a complete report is filed. A failure to furnish such a report to Defendants within the deadline prescribed by the Court shall result in Smith being precluded from testifying at all in this action.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 37(c), Plaintiffs' counsel, without contribution or reimbursement by Plaintiffs, shall reimburse Defendants for all reasonable and actual costs incurred preparing the motion to strike and its reply. Moreover, should Defendants choose to depose Smith, Plaintiffs' counsel shall be required to reimburse Defendants for all expenses associated with taking Smith's deposition.

DATED this 21st day of August, 2007.

Stephen M. McNamee
United States District Judge