**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Joseph Redmond and Linda Jean Redmond,<br><br>    Plaintiffs,<br><br>v.<br><br>Frank Daniel "Chip" Shilosky, et al.,<br><br>    Defendants. | No. CV-05-2727-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Before the Court is Defendant Frank Daniel Shilosky's ("Shilosky") Motion for Summary Judgment Re: Liability (Dkt. 90), and Defendant Lake Havasu City's Motion for Summary Judgment Re: Liability (Dkt. 87).

**BACKGROUND**

This case arises out of Plaintiffs Thomas Joseph Redmond and Linda Jean Redmond's ("Redmond" or "Redmonds") indictment and prosecution for arson. The Redmonds purchased the L & P Paper Company ("the Company"), located in Lake Havasu City, in 1999. (Dkt. 88, Defs.' Statement of Facts ("DSOF") ¶ 1.) The parties dispute the profitability of the Company prior to and following the Redmonds' purchase. (Compare DSOF ¶¶ 5-7 with Dkt. 94, Pls.' Statement of Facts ("PSOF") ¶¶ 5-7.) In August 2001, Linda Redmond sent a letter to the mayor of Lake Havasu City stating that the Company needed $50,000 and requesting financial assistance from the city. (DSOF ¶ 8 & Ex. H.) The mayor responded via letter dated September 14, 2001, stating that she

would forward Linda Redmond's letter to the entity that handles business retention and expansion, but that the city itself could not invest in a private business. (DSOF, Ex. J.)

On September 28, 2001 at 4:48 p.m., a 911 call was received reporting a fire at the Company. (DSOF ¶ 10.) Shilosky, a fire marshal for Lake Havasu City, was assigned to lead the investigation for the Lake Havasu City Fire Department, and Detective Scott Chesire was assigned to handle the investigation for the Lake Havasu City Police Department. (DSOF ¶ 11.) Based on the evidence collected during the investigation of the fire, Shilosky and Cheshire submitted the case for charging to the county attorney. (DSOF ¶ 17.) After sitting on the charging attorney's desk for several months, the case was assigned to Deputy County Attorney Kenneth Skousen, who reviewed the fire investigation reports, police reports, and financial records submitted. (DSOF ¶ 19.) Based on his review of the file, Skousen determined that probable cause existed to take the case to the grand jury. (DSOF ¶ 20.)

On November 14, 2002, Skousen presented the State's case to the grand jury. (DSOF ¶ 21.) Shilosky and Cheshire testified to the grand jury regarding the results of their investigation. (DSOF ¶ 22.) Shilosky testified, in pertinent part, that he believed the fire was intentionally set and caused by a discarded cigarette flicked into the space above the roof that ignited combustible materials. (DSOF, Ex. D, Tr. of Grand Jury Proceedings 27:21-28:16.) Shilosky further testified that three individuals were the last people to leave the building on the day of the fire: the Redmonds and the shop general manager Ken Lopez. (Id. at 28:17-21.) The grand jury voted to indict the Redmonds and charge them with arson, criminal damage, and insurance fraud. (DSOF ¶ 27.)

The State then commenced its prosecution of the Redmonds, and disclosed hundreds of pages of documents to the Redmonds. (DSOF ¶ 28.) A one page statement of Cory Rubenking was not disclosed by the State to the Redmonds. (DSOF ¶ 29.) That nondisclosure gave rise to the instant civil litigation, for reasons discussed below.

- 2 -

1
2
3
4
5
6
7
8    While the criminal case against the Redmonds proceeded, several civil actions were filed alleging that the Redmonds either intentionally or negligently caused the fire. (DSOF ¶ 30.) Shilosky was deposed during those civil proceedings. (DSOF ¶ 31.) The attorney representing the Redmonds in those lawsuits confirmed in a letter to Shilosky that Shilosky would bring his entire file to the deposition. (DSOF ¶ 32.) In his deposition, Shilosky referenced a statement from Cory Rubenking. Apparently, none of the lawyers at Shilosky's deposition had seen Rubenking's statement, and Deputy County Attorney Skousen conceded that he had no record of its disclosure. (DSOF ¶ 35.)

Rubenking's statement was taken by Shilosky on November 13, 2002, the evening before the grand jury convened. (DSOF, Ex. R; DSOF ¶ 21.) Rubenking represented that he was working next door to the Company on the day of the fire, and was pulling into the yard at his employer between 4:00 and 5:00 p.m. (Id.) Rubenking stated that he "noticed a male and female coming out of [the Company]. They got into late model El Camino." (Id.) Rubenking further stated that within twenty-five minutes from his arrival he noticed the Company was on fire. (Id.)

After Rubenking's statement was revealed at Shilosky's deposition, Tom Redmond's criminal defense counsel took Rubenking's recorded statement on August 16, 2004. (DSOF ¶ 35.) Rubenking then stated that he was "[p]ositive" that the male and female couple he saw on the day of the fire was not the Redmonds. (PSOF, Ex. 5, Examination Under Oath of Cory Rubenking 12:13-15.) Rubenking's recollection was that the couple he saw were younger than the Redmonds, he was "pretty sure" the female was blonde, and that the male was "darker haired." (Id. at 21:17-22.) Rubenking agreed that it "could have been as late as 4:30 that [he] saw that couple." (Id. at 17:4-6.)

The Redmonds then filed a motion to dismiss the charges against them, based on Shilosky's failure to disclose the Rubenking statement. (PSOF, Ex. 8.) After an evidentiary hearing, the court handling the criminal prosecution dismissed the case against both Linda and Thomas Redmond with prejudice. (PSOF, Ex. 3 98:9-11.) The

court believed "that there does need to be this clear message that when state agents have in their possession a document that may be exculpatory that it must be timely disclosed." (Id. at 97:20-23.) The court stated that it could not "see how we can ever get back to what may have been a finding of no probable cause in this matter." (Id. at 98:6-8.) The court therefore granted the Redmonds' motion to dismiss with prejudice. (PSOF, Ex. 10, Order dated Jan. 18, 2005.)

The Redmonds then initiated the instant civil litigation in Superior Court of Arizona, Mohave County, which came before this Court by way of removal. (Dkt. 1, Notice of Removal.) Redmonds assert claims under 42 U.S.C. § 1983 for violations of due process and malicious prosecution, a separate claim for malicious prosecution, claims for intentional and negligent infliction of emotional distress, and a claim for fraudulent concealment. (Dkt. 1, Ex. 1, Compl. 5-7.) Shilosky and Lake Havasu City seek summary judgment as to liability on all claims. (Dkts. 90, 87.)

## DISCUSSION

Shilosky seeks summary judgment as to liability on each of the Redmonds' claims. For reasons described below, the Court will grant summary judgment and dismiss the Redmonds' § 1983 claims. As this ruling will dispose of the Redmonds' federal claims, and as the parties are not of diverse citizenship, the Court will remand the remaining state claims to the Superior Court of Arizona, County of Mohave.

### A. Violation of Redmonds' Brady Rights

The Redmonds' first claim for relief alleges a violation of their due process right established in Brady v. Maryland, 373 U.S. 83 (1963) to receive exculpatory evidence from the prosecution in a criminal case. (Dkt. 1, Ex. 1, Compl. ¶¶ 21-23.) The Redmonds allege that Shilosky's conduct regarding the Rubenking statement violated their rights under Brady. (Id.) Shilosky seeks summary judgment on this claim, asserting that Brady does not provide a cause of action for an officer's withholding of evidence from a prosecutor. (Dkt. 90, Def.'s Mot. for Summ. J. 12:10-14:27.)

- 4 -

Section 1983 imposes liability on persons who, under color of law, deprive another of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The Supreme Court has commonly described § 1983 as "creating a 'constitutional tort,' since violations of constitutional rights have been the most frequently litigated claims." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 728 (1999)(Scalia, J., concurring in part)(citations omitted).

The Redmonds' § 1983 claim for violation of Brady fails because due process rights were not violated. The Court in Brady held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady, 373 U.S. at 87. In so holding, the Court framed the right to exculpatory evidence in terms of providing a fair trial. See id. at 86-88 ("This ruling is an extension of Mooney v. Holohan, . . . . The principle of Mooney v. Holohan is . . . avoidance of an unfair trial to the accused."). The Court's subsequent development of the Brady obligation confirms its intent to preserve the criminal trial as the forum for ascertaining the truth about criminal accusations. Kyles v. Whitley, 514 U.S. 419, 432-441 (1995). Thus, delayed disclosures only violate Brady if the lateness of the disclosure prejudiced the defendant's preparation or presentation of a defense such that the defendant was prevented from receiving a constitutionally-guaranteed fair trial. United States v. Gordon, 844 F.2d 1397, 1403 (9th Cir. 1988); United States v. Shelton, 588 F.2d 1242, 1247 (9th Cir. 1978). This has led another court to state that a Brady violation that resulted in the overturning of a § 1983 plaintiff's conviction is a necessary, but not a sufficient, condition for § 1983 liability on the part of the police. Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000)(en banc).

In this case, the Redmonds' criminal prosecution never went to trial. Rather, the Superior Court dismissed the charges after the nondisclosure of the Rubenking statement came to light. Section 1983 liability therefore does not attach because the Redmonds

were not deprived of their right to a fair trial.  Additionally, it cannot be said that Shilosky's conduct deprived the Redmonds of their right to a fair grand jury proceeding. The government was not obligated to present exculpatory evidence to the grand jury. United States v. Williams, 504 U.S. 36, 51 (1992); United States v. Isgro, 974 F.2d 1091, 1096 (9th Cir. 1992).  As the Court in Williams "reject[ed] the attempt to convert a nonexistent duty of the grand jury itself into an obligation of the prosecutor," 504 U.S. at 53, so this Court refuses to extend a nonexistent obligation of the prosecutor into a requirement of Shilosky.

Accordingly, summary judgment shall be granted as to the Redmonds § 1983 claim against Shilosky for failure to disclose the Rubenking statement to the grand jury. That claim fails as a matter of law because Shilosky's actions did not deprive the Redmonds of any rights, privileges, or immunities secured by the Constitution or laws. Cf. 42 U.S.C. § 1983.  The Court therefore need not reach the Redmonds' contention that a genuine issue of material fact exists as to Shilosky's intent and state of mind. (Pls.' Resp. to Mot. for Summ. J. 11:1-13:14.)

### B. Malicious Prosecution

The Redmonds' second claim for relief alleges a violation of their constitutional due process right not to be maliciously prosecuted in criminal proceedings. (Compl. ¶¶ 24-27.)  In order to succeed on a malicious prosecution claim under § 1983, the Redmonds must show (1) tortious conduct under the elements of state law, and (2) intent to deprive the individual of a constitutional right.  Poppell v. City of San Diego, 149 F.3d 951, 961 (9th Cir. 1998); Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) ("[Plaintiff] must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right.").  Under Arizona law, the essential elements of malicious prosecution are (1) a criminal prosecution, (2) that terminates in favor of

plaintiff, (3) with defendants as prosecutors,[1] (4) actuated by malice, (5) without probable cause, and (6) causing damages. Slade v. City of Phoenix, 541 P.2d 550, 552 (Ariz. 1975).

A § 1983 malicious prosecution plaintiff must prove that the defendants acted for the purpose of depriving him of a "specific constitutional right," though that right is not limited to one protected by the Fourth Amendment. Awabdy v. City of Adelanto, 368 F.3d 1062, 1069 (9th Cir. 2004). However, no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause. Id., citing Albright v. Oliver, 510 U.S. 266, 268, 271 (1994)(plurality opinion).

The Redmonds allege that Shilosky's actions deprived them of "their right to Due Process in criminal prosecutions not to be maliciously prosecuted." (Compl. ¶ 27.) Shilosky seeks summary judgment on the grounds that probable cause existed to prosecute the Redmonds, and that the Redmonds have no evidence of malice or that Shilosky intended to deprive the Redmonds of their constitutional rights. (Def.'s Mot. for Summ. J. 15:12-17:8.) The Redmonds contend that they have rebutted the presumption of probable cause that arose from the grand jury indictment, that sufficient evidence exists that Shilosky acted with malice, and that Shilosky's conduct proves his intention to deprive them of their Brady rights. (Pls.' Resp. to Mot. for Summ. J. 15:4-19:16.)

Shilosky did not move to dismiss the Redmonds' § 1983 malicious prosecution claim on the grounds that it failed to state a claim for which relief may be granted, nor did he raise the issue in his Motion for Summary Judgment. However, the Court has an obligation to examine its own jurisdiction and ensure that it does not exceed its constitutional authority. See In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988)

---

[1] Non-prosecutors such as Defendant Shilosky can face § 1983 malicious prosecution liability for maliciously or recklessly making false reports to the prosecutor. Blankenhorn v. City of Orange, 485 F.3d 463, 482 (9th Cir. 2007); see also Awabdy, 368 F.3d at 1066 ("Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed.").

("Nothing is to be more jealously guarded by a court than its jurisdiction."), <u>overruled on other grounds by</u> Partington v. Gedan, 923 F.2d 686 (9th Cir. 1991); <u>see also</u> <u>Fleck & Assocs. v. City of Phoenix</u>, 471 F.3d 1100, 1106 n.4 (9th Cir. 2006). The Court is therefore empowered and required to dismiss an action if it determines at any time that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 94 (1998)("[T]he court is bound to ask and answer for itself [the question of jurisdiction], even when not otherwise suggested . . . ."). Dismissal for lack of subject matter jurisdiction is proper when the claim is foreclosed by prior decisions of the Supreme Court. <u>Steel Co.</u>, 523 U.S. at 89.

No substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause. <u>Albright v. Oliver</u>, 510 U.S. 266, 268 (1994)(plurality opinion); <u>id.</u> at 282-83 (Kennedy, J., concurring in the judgment and joined by Thomas, J.); <u>id.</u> at 289 (Souter, J., concurring in the judgment). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, and not the more generalized notion of substantive due process, must be the guide for analyzing these claims." <u>Id.</u> at 273 (plurality opinion)(internal quotations omitted). Post-<u>Albright</u>, the Ninth Circuit has held that a § 1983 malicious prosecution plaintiff must allege that the defendants acted for the purpose of depriving the plaintiff of a "specific constitutional right," though that right is not limited to one protected by the Fourth Amendment. <u>Awabdy v. City of Adelanto</u>, 368 F.3d 1062, 1069 (9th Cir. 2004); <u>Freeman v. City of Santa Ana</u>, 68 F.3d 1180, 1189 (9th Cir. 1995).[2]

In this case, the Redmonds allege that Shilosky's actions deprived them of "their right to Due Process in criminal prosecutions not to be maliciously prosecuted." (Compl.

---

[2] Under Ninth Circuit case law, plaintiffs may pursue their claims by using a direct approach based on the implicated constitutional provision instead of, or in addition to, a malicious prosecution theory. <u>Awabdy</u>, 368 F.3d at 1070 n.4.

- 8 -

¶ 27.)  Prior decisions of the Supreme Court make clear that the Fourth Amendment addresses pretrial deprivations of liberty, rather than the "scarce and open-ended guideposts" of substantive due process.  Albright, 510 U.S. at 274-75 (plurality opinion). To the extent the Redmonds allege a violation of procedural due process, their claim is foreclosed by the availability of a state tort remedy for malicious prosecution.  See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986); see also Zinermon v. Burch, 494 U.S. 113, 125-26 (1990).

The Redmonds open-ended Due Process claim is foreclosed by previous decisions of the Supreme Court and the Ninth Circuit.  As a result, this Court lacks subject matter jurisdiction over and must dismiss the Redmonds' § 1983 malicious prosecution claim. Steel Co., 523 U.S. at 89.

### C. Defendant Lake Havasu City

The Redmonds assert § 1983 claims for Brady violations and malicious prosecution against Lake Havasu City under the theory that Shilosky's actions were pursuant to a municipal policy.  (Compl. ¶¶ 22, 26.)  Lake Havasu City cannot be held liable under § 1983 if no injury or constitutional violation occurred.  City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986).  No constitutional violation having occurred as to the Redmonds' first claim for relief (§ 1983/Brady), the Court will also grant Lake Havasu City's Motion for Summary Judgment Re: Liability on that claim.  (Dkt. 87, Def. Lake Havasu City's Mot. for Summ. J.)  The Redmonds § 1983 malicious prosecution claim must also be dismissed as against Lake Havasu City for failure to state a claim upon which relief may be granted.  Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and remands them to Superior Court for Mohave County.  28 U.S.C. § 1367(c)(3).

//

**CONCLUSION**

Defendant Shilosky's Motion for Summary Judgment will be granted as to the Redmonds first claim for relief alleging violation of their Brady rights. That claim fails because Shilosky's actions did not deprive the Redmonds of any rights, privileges, or immunities secured by the Constitution or laws. Lake Havasu City's Motion for Summary Judgment will also be granted as to this claim, as a municipality cannot be held liable under § 1983 if no injury or constitutional violation occurred. The Redmonds' second claim for relief must be dismissed for lack of subject matter jurisdiction because it fails to state a claim for which relief may be granted. The remaining claims shall be remanded to Superior Court of Arizona, Mohave County. Accordingly,

**IT IS HEREBY ORDERED** granting Defendant Shilosky's Motion for Summary Judgment Re: Liability as to Plaintiffs Redmonds' first claim for relief (Dkt. 90).

**IT IS FURTHER ORDERED** granting Defendant Lake Havasu City's Motion for Summary Judgment Re: Liability as to Plaintiffs Redmonds' first claim for relief (Dkt. 87).

**IT IS FURTHER ORDERED** dismissing without prejudice Plaintiffs Redmonds' second claim for relief (Dkt. 1, Ex. A).

**IT IS FURTHER ORDERED** remanding the remaining claims to the Superior Court of the State of Arizona in and for the County of Mohave.

DATED this 22nd day of April, 2008.

Stephen M. McNamee
United States District Judge